**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2012

Lyle W. Cayce
Clerk

No. 11-40459
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO BRIAGAS-CORTEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2123-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Armando Briagas-Cortez appeals the sentence imposed following his conviction on one count of illegal reentry into the United States. The district court sentenced him within his advisory guidelines range to 51 months of imprisonment and three years of supervised release.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first examine whether the district court committed any significant procedural error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Id.* at 51.  If the district court's decision is procedurally sound, we will then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard.  *Id.*

Briagas-Cortez first argues that the district court erred because it failed to give due consideration to the factors enumerated in U.S.S.G. § 2L1.2, comment. (n.8) regarding a downward departure based on cultural assimilation.  We lack jurisdiction to review the denial of a downward departure by the district court unless Briagas-Cortez "points to something in the record indicating that the district court held an erroneous belief that it lacked the authority to depart." *United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).  Briagas-Cortez has not done so.  Instead, the record reflects that the district court considered his arguments regarding cultural assimilation but found simply that his circumstances did not warrant a sentence below the guidelines range. Accordingly, we lack jurisdiction to review Briagas-Cortez's challenge on this issue.  *See id.*

Briagas-Cortez also challenges the district court's assessment of the sentencing factors under 18 U.S.C. § 3553(a).  He contends that the § 3553(a) factors do not justify his 51-month sentence.  The district court considered his arguments for a below-guidelines sentence and rejected them.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Briagas-Cortez's sentence is presumed reasonable because it fell within his advisory guidelines range, *see United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), and he has not shown sufficient reason for this court to disturb that presumption.

AFFIRMED.